771 F.2d 246
 PEABODY COAL COMPANY and Old Republic Companies, Petitioners,
v.
Samuel HALE and Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 83-2400.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 28, 1985.
Decided Aug. 19, 1985.
 
 Mark E. Solomons, Kilcullen, Wilson & Kilcullen, Washington, D.C., for petitioners.
 G. Patrick Murphy, Winter & Garrison, Marion, Ill., for respondents.
 Before CUMMINGS, Chief Judge, FLAUM, Circuit Judge, and CAMPBELL, Senior District Judge.*
 CUMMINGS, Chief Judge.
 
 
 1
 This is a petition for review of an Order of the Benefits Review Board, United States Department of Labor, which affirmed an administrative law judge's decision to award black lung benefits. Petitioner Peabody Coal Company challenges the Benefits Review Board Order solely on the ground that the administrative law judge (ALJ) failed to comply with the decisional requirements of the Administrative Procedure Act (APA), specifically 5 U.S.C. Sec. 557(c)(3)(A). We agree that the ALJ did not adequately explain his findings and conclusions in reaching a decision and remand this case to him for further consideration.
 
 
 2
 * On May 28, 1976, Samuel Hale, the claimant, filed a claim for federal black lung benefits and on May 14, 1979, the Department of Labor (DOL) issued a Notice of Initial Finding indicating that he was eligible for benefits under the Federal Black Lung Benefits Act, 30 U.S.C. Sec. 901, et seq. Peabody Coal Company (Peabody), the responsible coal mine operator, challenged the approval of benefits and the matter was brought before Administrative Law Judge James R. Howard for a formal hearing. On November 17, 1980, Judge Howard issued a decision and order awarding benefits to Hale. The ALJ ruled that Hale was entitled to the "interim presumption" that he is totally disabled due to pneumoconiosis because the claimant had more than ten years of coal-mine employment and because of the submission of certain qualifying ventilatory studies and physicians' opinions (Petitioners' App. A6-A7). See 20 C.F.R. Sec. 727.203(a)(2), (4).[1] The judge also concluded that the coal-mine employer had not rebutted the presumption pursuant to any of the four methods available to it under 20 C.F.R. Sec. 727.203(b)(1)-(4).[2]
 
 
 3
 The Benefits Review Board affirmed the ALJ's decision on May 31, 1983, but one administrative appeals judge dissented on the basis that the ALJ's opinion failed to comport with the requirement of the APA embodied in 5 U.S.C. Sec. 557(c)(3)(A) (App. A1-A4).
 
 II
 
 4
 The sole issue in this case is whether the ALJ's decision and order of November 17, 1980, awarding benefits to the claimant, comports with the requirements of Sec. 8(c)(3)(A) of the APA, 5 U.S.C. Sec. 557(c)(3)(A).[3] The Section provides in pertinent part that:
 
 
 5
 All decisions, including initial, recommended, and tentative decisions, are a part of the record and shall include a statement of--
 
 
 6
 (A) findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 5 U.S.C. Sec. 557(c)(3)(A). Appellee Hale does not contest the applicability of the APA requirement to a formal hearing before an ALJ on a claim under the Black Lung Benefits Act (Appellees' Br. 6) and the Benefits Review Board has held on numerous occasions that Sec. 557(c)(3)(A), supra, does in fact apply in these circumstances. See, e.g., Rasel v. Bethlehem Mines Corp., 9 BRBS 252, 255-256 (1978); Whittington v. National Bank of Washington, 8 BRBS 235, 237 (1978).[4] We conclude that the ALJ failed to meet the standard set forth in Sec. 557(c)(3)(A) by failing to explain in any manner his conclusions or findings that no rebuttal evidence was presented by the employer and that the presumption afforded the claimant by 20 C.F.R. Sec. 727.203(a) was not rebutted. Hale is correct in pointing out that this Court will "uphold an agency's decision of less than ideal clarity if the agency's path may reasonably be discerned or if failure to explain every step in the reasoning process could have made no difference in the outcome." Markus v. Old Ben Coal Co., 712 F.2d 322, 327 (1983); see Bowman v. Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285-286. Careful consideration of this case indicates that it would be inappropriate and a bad precedent for the future to apply the rule of Markus under these circumstances.
 
 
 10
 Peabody attempted to rebut the interim presumption that the ALJ had afforded Hale by demonstrating that the claimant "does not * * * have pneumoconiosis" and that the "total disability * * * of the miner did not arise in whole or in part out of coal mine employment." 20 C.F.R. Sec. 727.203(b)(3) and (4). The principal evidence of rebuttal submitted by the Company was a physician's report and deposition of a Dr. William Getty, a board-certified specialist of internal medicine with a sub-specialty in pulmonary diseases. On July 30, 1979, Dr. Getty performed x-ray, pulmonary function and blood gas studies on Hale, conducted a full clinical examination, and took a history of the miner's complaints (Director's Exhibit 54). Following a review of the objective test reports he concluded that there was "no definite evidence of pulmonary disease" and that the claimant's shortness of breath or "dyspnea" was "unrelated to his mining experience" (id. ). The physical examination revealed normal breathing sounds and no sign of pulmonary disease. In his deposition, Dr. Getty reviewed his findings and further explained that Hale's dyspnea could be related to "anxiety, depression, fatiguability [sic ], and so forth" but reiterated that he found no evidence of coal-workers' pneumoconiosis or of a "disabling chronic obstructive pulmonary disease" in his examination. Finally, he found the claimant to be "a reasonably healthy person" and stated that while Hale suffered from a mild to moderate case of chronic bronchitis the infirmity did not produce his dyspnea (Getty Deposition, Exhibit 1 at pp. 8-9). Of fourteen x-ray reports in the record dating from 1975 to 1979, all were negative for the presence of pneumoconiosis except for one, which was subsequently read by a doctor and board-certified radiologist and found to be completely negative (Director's Exhibits 29-46). In view of this Court's holding in Underhill (supra note 3), that negative x-rays combined with expert medical testimony present significant rebuttal evidence, 687 F.2d at 222-223, we are unable to discern why Dr. Getty's report and testimony constitutes "no evidence that the Claimant * * * does not have pneumoconiosis" (App. A7). Diagnostic reports of treating and examining physicians play a major role in the determination of eligibility for black lung and other disability benefits and their rejection by an ALJ should be accompanied by a clear statement of reason. See Schaaf v. Matthews, 574 F.2d 157, 160 (3d Cir.1978); Kennedy v. Richards, 454 F.2d 376, 378 (3d Cir.1972).
 
 
 11
 The claimant's case was based on pulmonary function studies that were not entirely consistent (one of four valid studies did not render values sufficient to invoke the interim presumption under 20 C.F.R. Sec. 727.203(a)(2)) and two physicians' reports diagnosing pneumoconiosis that do not appear to be based upon any objective testing apart from ventilatory studies (Director's Exhibits 14-17, 23, 28). Since the evidence of pneumoconiosis submitted by Hale was not overwhelming and the physicians' reports were in conflict, the ALJ had an additional duty to explain why the Company's evidence was deficient and failed to rebut the presumption.
 
 
 12
 There may have been a valid basis for discounting Dr. Getty's report and testimony such that it amounted to no evidence at all, but no such reason is readily apparent to this Court.[5] We do not intend to imply that the ALJ's ultimate conclusion of a failure to rebut was erroneous, and the petitioners do not request us to make any such ruling. Such a determination is best left to the ALJ barring extraordinary circumstances. But if this Court is to perform its function of review in this highly technical and factually bound area, more than unexplained conclusions and findings are necessary, where, as here, the case involves significant conflicting evidence. We have previously noted that "informed appellate review" under similar circumstances is "most difficult if not impossible," Great Lakes Screw Corp. v. NLRB, 409 F.2d 375, 379 (7th Cir.1969), and consequently remand to the ALJ for an explication of his decision as required by Section 8(c)(3)(A) of the APA (5 U.S.C. Sec. 557(c)(3)(A), supra ).
 
 
 
 *
 The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation
 
 
 [1]
 The regulation provides in pertinent part:
 Sec. 727.203 Interim presumption.
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see Sec. 410.428 of this title);
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in Sec. 410.412(a)(2) of this title) as demonstrated by values which are equal to or less than the values specified in the following table:
 * * *
 (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood as indicated by values which are equal to or less than the values specified in the following table:
 * * *
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment;
 * * *
 
 
 [20]
 C.F.R. Sec. 727.203(a)
 
 
 [2]
 The regulation states in pertinent part:
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see Sec. 410.412(a)(1) of this title); or
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see Sec. 410.412(a)(1) of this title); or
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 [20]
 C.F.R. Sec. 727.203(b)
 
 
 [3]
 Both parties briefly discussed at oral argument the issue of whether the presumption created in 20 C.F.R. Sec. 727.203(a) shifts the burden of persuasion or merely the burden of production to the coal-mine employer. Neither party briefed the issue, however, and both sides admitted the issue was not before the Court at this time. We do note, however, that consideration of the statute authorizing presumptions in this context, 30 U.S.C. Sec. 921(c), indicates that Hale is entitled to a presumption that shifts the burden of persuasion to the employer. Under 30 U.S.C. Sec. 921(c)(4), a miner employed for fifteen or more years in underground coal mines (or in conditions "substantially similar to conditions in an underground mine," 30 U.S.C. Sec. 921(c)(4), see Battaglia v. Peabody Coal Co., 690 F.2d 106, 112 (7th Cir.1982)) who submits evidence of a "totally disabling respiratory or pulmonary impairment" is entitled to a presumption of total disability due to pneumoconiosis. This presumption is rebutted only by "establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." 30 U.S.C. Sec. 921(c)(4) (emphasis supplied). Courts have determined that the Sec. 921(c)(4) presumption shifts the burden of persuasion and not merely the burden of production because of the use of the word "establishing." See, e.g., Alabama By-Products v. Killingsworth, 733 F.2d 1511, 1514-1515 (11th Cir.1984). In the present case, the claimant had thirty-two years of coal-mine employment and the ALJ appeared to make a finding that Hale worked in conditions similar to those of an underground mine ("he was regularly exposed to significant amounts of coal dust") (Petitioners' App. 3). Consequently, on remand, the ALJ may not need to consider the procedural effect of a Sec. 921(c)(1) presumption
 We agree with the parties' conclusion that whether the DOL's interpretation of the Sec. 921(c) presumptions, as manifested in 20 C.F.R. Sec. 727.203, is consistent with the statutory language of 30 U.S.C. Sec. 921(c) and 30 U.S.C. Sec. 902(f) (requiring that DOL regulations be no more restrictive than those adopted by the Social Security Administration which in turn appear to give the same effect to Sec. 921(c)(1) and (4) presumptions) and with the Supreme Court's discussion of 30 U.S.C. Sec. 921(c)(1) and (2) in Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 28-31, 96 S.Ct. 2882, 2898-2900, 49 L.Ed.2d 752, is a question best left for another day when the issue can be fully briefed. See Underhill v. Peabody Coal Co., 687 F.2d 217, 222-223 (7th Cir.1982) (Court in dicta indicates that 20 C.F.R. Sec. 727.203(a) presumption as applied in Sec. 921(c)(1) and (2) situations only shifts the burden of production).
 
 
 [4]
 Section 422(a) of the Black Lung Benefits Act, 30 U.S.C. Sec. 932(a), incorporates Sec. 19(d) of the Longshoremen's and Harbor Worker's Act, 33 U.S.C. Sec. 919(d), which in turn requires that any hearing under the Act be conducted in accordance with the provisions of 5 U.S.C. Sec. 554. Section 554(c)(2) provides that where interested parties are unable to resolve a controversy by consent, the parties are entitled to "hearing and decision on notice and in accordance with sections 556 and 557 of this title."
 
 
 [5]
 Although Dr. Getty's statement that the claimant's bronchitis is more probably related to his history of smoking (which ended in 1953) than his mining experience is certainly troubling, it is hardly a sufficient basis for an appellate court to discount entirely his credibility. Nor did the terminology utilized by Dr. Getty appear to conflict with the statutory or regulatory definition of pneumoconiosis. See 30 U.S.C. Sec. 902(b); 20 C.F.R. Sec. 727.202