**AMAX COAL COMPANY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent,**

**Marion Chavis, Respondent.**

**No. 83–3276.**

United States Court of Appeals, Seventh Circuit.

Argued May 28, 1985.

Decided Aug. 28, 1985.

---

Mark E. Solomons, Kilcullen, Wilson & Kilcullen, Washington, D.C., for petitioner.

Robert D. Nachman, Jenner & Block, Chicago, Ill., for respondent. Jerold S. Solovy, Chicago, Ill., on the brief.

Before CUMMINGS, Chief Judge, FLAUM, Circuit Judge, and CAMPBELL, Senior District Judge.*

CUMMINGS, Chief Judge.

This is a petition for review of an Order of the Benefits Review Board, United States Department of Labor, which affirmed an administrative law judge's decision to award black lung benefits. Petitioner Amax Coal Company challenges the Benefits Review Board Order on the grounds that the administrative law judge (ALJ) failed to comply with the decisional requirements of the Administrative Procedure Act and that the evidence submitted to the ALJ established that the claimant's husband, Marion Chavis, was not disabled. For the reasons set forth below, we affirm the decision of the Benefits Review Board.

I

On May 26, 1978, Marion Chavis, the widow of Harvey Chavis, filed a claim for survivor benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, *et seq.* The Department of Labor (DOL) awarded benefits and the petitioner, Amax Coal Company ("Amax"), controverted liability and requested and received a formal hearing before an ALJ. On August 20, 1980, Administrative Law Judge Charles P. Rippey issued a decision and order awarding benefits to Chavis. The ALJ ruled that the "interim presumption" of entitlement to benefits was applicable because the claimant's husband had been employed for twenty-five or more years in one or more coal mines prior to June 30, 1971. See 30 U.S.C. § 921(c)(5); 20 C.F.R. § 727.204(a). Judge Rippey concluded that the coal-mine employer had not rebutted the presumption because it had not "introduced evidence

into the record which would support the conclusion that Harvey Chavis was not even partially disabled due to pneumoconiosis." (App. A4–A5.)

The Benefits Review Board affirmed the ALJ's decision on November 2, 1983, holding that the ALJ was correct in concluding that the evidence submitted "is not indicative * * * of the absence of disability" (App. A2).

II

This case can be characterized as one where the petitioner failed to recognize its burden and put forth the necessary effort below and having lost in the lower tribunal now seeks to prevail on appeal on procedural grounds. The specific task before this Court is to determine whether the ALJ's decision is supported by substantial evidence. *Old Ben Coal Co. v. Prewitt,* 755 F.2d 588, 589 (7th Cir.1985). Amax did not contest the invocation of the presumption below but attempted to rebut the § 727.-204(a) presumption by demonstrating, in terms of the regulatory language, that "at the time of death [the] miner was not partially or totally disabled due to pneumoconiosis." 20 C.F.R. § 727.204(a). This Court has stated that a coal-mine employer may rebut the presumption of entitlement to benefits by showing that: "(1) the miner did not have pneumoconiosis; or (2) the miner was not totally or partially disabled at the time of his death; or (3) the partial or total disability which the miner may have suffered at the time of his death was not due to pneumoconiosis." *Bishop v. Peabody Coal Co.,* 690 F.2d 131, 134 (7th Cir.1982). The language of 30 U.S.C. § 921(c)(5) stating that the presumption is rebutted only by "establishing" certain points indicates that the presumption shifts the burden of persuasion and not merely the burden of production to the coal-mine employer. See *American Coal Co. v. Benefits Review Board,* 738 F.2d 387, 390 (10th

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

Cir.1984); *Alabama By-Products v. Killingsworth*, 733 F.2d 1511, 1513–1514 (11th Cir.1984); *Gaudiano v. United States Steel Corp.*, 4 B.L.R. 1–313, 1–317 (1981); S.REP. No. 209, 95th Cong., 1st Sess. 18 (1977) ("Any burden of proof is on the Secretary to show that the miner was not partially or totally disabled").

Amax focused on showing that the miner was not totally or partially disabled at the time of death and did not attempt to prove directly that the miner did not have pneumoconiosis or that any disability was not the result of pneumoconiosis (Tr. 18–19). The ALJ and the Board understood Amax as following this strategy (App. A2, A5, A6–A9). Both tribunals below concluded that the presumption had not been rebutted and that the employer's evidence was not persuasive on the issue of demonstrating an absence of disability (App. A2, A5). The Benefits Review Board did note, however, that the ALJ failed to consider certain evidence in the record, specifically, medical records concerning hospitalization of the miner for a gastrointestinal condition and a death certificate attributing the miner's death to hypovolemic shock due to a ruptured aortic aneurysm (App. A2).

Careful analysis of this case indicates that the ALJ's decision is supported by substantial evidence. The ALJ's failure to discuss certain evidence does not prevent this Court's discerning the ALJ's path of reasoning nor require a remand of the case pursuant to 5 U.S.C. § 557(c)(3)(A) (requiring a statement of findings and conclusions and the reasons or basis therefor). See *Markus v. Old Ben Coal Co.*, 712 F.2d 322, 327 (7th Cir.1983). The Board was correct in pointing out the ALJ's duty to consider evidence presented by the parties, but where both the Board and this Court agree that undiscussed evidence is not probative on the issue in dispute and is not in conflict with other relevant evidence, there is no need to remand the case to the administrative tribunal for reconsideration. See *International Detective Service, Inc. v. I.C.C.*, 613 F.2d 1067, 1077 (D.C.Cir.1979);

*National Steel & Shipbuilding Co. v. Bonner*, 600 F.2d 1288, 1292–1293 (9th Cir. 1979). This case stands in contrast to *Peabody Coal Co. v. Hale*, 771 F.2d 246, (7th Cir.1985), where this Court remanded the decision of an ALJ because seemingly significant evidence was termed "no evidence" by the ALJ without discussion and because the undiscussed evidence was in direct conflict with other relevant evidence. *Hale* also involved the highly relevant evidence of an examining physician's diagnosis regarding pneumoconiosis whereas here the medical records introduced concerned a gastrointestinal incident and not examination or treatment for lung disease. See *infra* p. 307.

The primary relevant evidence presented by Amax consisted of 1) a work history revealing steadily increasing earnings until death, 2) employment at death, and 3) a death certificate attributing death to a vascular problem and not mentioning occupational lung disease. 20 C.F.R. § 727.204(d) lists four types of evidence which "alone shall not be sufficient to rebut the [§ 921(c)(4) and (5) ] presumption:"

(1) Evidence that a deceased miner was employed in a coal mine at the time of death;

(2) Evidence pertaining to a deceased miner's level of earnings prior to death;

(3) A chest X-ray interpreted as negative for the existence of pneumoconiosis;

(4) A death certificate which makes no mention of pneumoconiosis.

Although in *Freeman v. Director*, 687 F.2d 214, 217 (7th Cir.1982), this Court stated that "the presence of more than one of these [§ 727.204(d) ] factors tends to indicate the absence of reduced work ability," the narrowness of the Court's holding must be recognized. In *Freeman* the Court affirmed on substantial evidence grounds the Benefits Review Board's ruling that the § 411(c)(5), 30 U.S.C. § 921(c)(5), presumption was rebutted by presentation of three of the four § 727.204(d) factors ((d)(1), (2), and (4)).[1] The case is distinguishable from

---

**1.** *Freeman* preceded the *Old Ben Coal Co. v.* *Prewitt* decision of this Court; under the *Prewitt*

the present situation because in *Freeman* the claimant presented absolutely no evidence of disability and relied upon the force of the § 921(c)(5) presumption alone. The Court concluded that under such circumstances the submission of more than one of the § 727.204(d) types of evidence was sufficient alone to support a finding that the presumption was rebutted. 687 F.2d at 215–217. Although the presence of more than one of these factors might be enough to constitute substantial evidence permitting affirmance of a denial of benefits in a *Freeman* situation, their existence is an insufficient basis to reverse for lack of substantial evidence an administrative law judge's finding of entitlement to benefits as a matter of law where a claimant, as here, presents independent evidence of a disability.

The claimant testified at the hearing before Judge Rippey that her husband's breathing difficulties interfered with his work and prevented him from doing heavy work, particularly repair work (Tr. 9). An affidavit of a co-worker introduced into evidence confirmed that the miner "couldn't do hard labor for any length of time—such as on a repair job" (App. A19). The regulations define partial disability as a "reduced ability to engage in [the miner's] usual coal mine work or 'comparable and gainful work.'" 20 C.F.R. § 727.204(b). Although Amax argues that the meaning of partial disability is unclear under the regulation (Br. 16–18), the foregoing evidence indicating an inability of the miner to perform certain work tasks is probative of disability under any definition.

The DOL, the agency entrusted with interpreting the Black Lung Benefits Act, has isolated the four § 727.204(d) factors as being of questionable or limited evidentiary value. To allow a combination of these factors to rebut, as a matter of law, the presumption of disability, where other evidence of disability has been presented would be contrary to Congress' purpose in enacting the § 921(c)(5) presumption—to

address specifically the difficulties faced by miners' widows in proving pneumoconiosis. See S.Rep. No. 209, 95th Cong., 1st Sess. 18 (1977).

Although other medical evidence was introduced by Amax, the Benefits Review Board was correct in explaining that the evidence was of little to no probative value on the issue of proving no disability under the circumstances of the case. Medical records of a hospitalization of the miner in 1968 for a gastrointestinal condition provided two potentially relevant items of rebuttal evidence. A doctor's statement in the miner's final diagnosis revealed that his lungs "were clear to auscultation and percussion" (App. A13). No expert opinion or any explanation at all was offered to the ALJ to explain the significance of the observation regarding the presence or absence of pneumoconiosis or of a work disability. An interpretation of a chest x-ray by a radiologist, Dr. L.V. Advincula, also was included in the report. The reading stated that there was "no evidence of pneumonic consolidation nor active pulmonary infiltrate" (App. A15). No expert was called to testify as to the quality of the x-ray (see 20 C.F.R. § 410.428(b)) or to the validity and significance of the prior interpretation. The x-ray itself was not submitted into evidence. Since it is not clear whether the x-ray originally was interpreted by Dr. Advincula "for the existence of pneumoconiosis," the x-ray may not even fall within one of the four types of evidence listed in 20 C.F.R. § 727.204(d). This Court will not convert Amax's failure to develop potentially highly probative evidence on the issue of no pneumoconiosis into persuasive proof of an absence of disability.

Amax had the opportunity to present specific, direct evidence of its own to the administrative tribunal regarding the existence or non-existence of a disability. Presentation of affidavits of co-workers or supervisors concerning the miner's condition would not appear to involve placement of

standard the *Freeman* Court would specifically analyze for substantial evidence the administrative law judge's decision to approve benefits. 755 F.2d at 589.

an undue burden on the employer. An inability to obtain medical evidence in these § 921(c)(5) cases presents a serious obstacle to both parties, but the same problem does not exist with regard to proof or disproof of disability. This Court cannot relieve the coal-mine employer of the specific burden placed upon it by the statutory and regulatory framework of the Black Lung Benefits Act.

The judgment of the Benefits Review Board is affirmed.