FREEMAN UNITED COAL MINING COMPANY, Petitioner,

v.

OFFICE OF WORKERS' COMPENSATION PROGRAM and Fairy Dell Jones, widow of Donald L. Jones, Respondents.

No. 92–1992.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 3, 1993.

Decided March 4, 1993.

As Corrected April 15, 1993.

---

Louis D. Bernstein, Paul W. Carroll (argued), Gould & Ratner, Chicago, IL, for petitioner Freeman United Coal Min. Co.

Barbara J. Johnson, Christian P. Barber (argued), Dept. of Labor, Office of the Sol., Washington, DC, Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation Program, Washington, DC, for respondent Office of Workers Compensation Programs.

Harold B. Culley, Jr. (argued), Raleigh, IL, for respondent Fairy Dell Jones.

Donald S. Shire, Sol. Gen., Dept. of Labor, Office of the Solicitor, Washington, DC, John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, IL, Lisa L. Lahrman, Benefits Review Bd., Executive Counsel, Clerk of the Bd., Washington, DC, for party-in-interest Benefit Review Bd.

Before BAUER, Chief Judge, COFFEY, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

Freeman United Coal Mining Company ("Freeman") petitions for review of a decision of the Benefits Review Board of the Department of Labor. The Board affirmed

the decision of an administrative law judge ("ALJ") awarding respondent Donald L. Jones benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. §§ 901–945. For the reasons stated below, we deny Freeman's petition for review.

## I. BACKGROUND

The travails of this case through the Department of Labor and the court of appeals from 1978 through 1989 are presented at length in *Freeman United Coal Mining Co. v. Benefits Review Board,* 879 F.2d 245 (7th Cir.1989). For the sake of brevity, only portions are repeated here. Donald L. Jones worked for Freeman as a coal miner for approximately forty-five years. Jones was sixty-one years old when he filed for benefits with the United States Department of Labor in October of 1978. He continued to work for several months after filing his claim, but he eventually retired in 1979. Jones died in November of 1981.

Prior to Jones's death the ALJ issued a decision denying him benefits under the Black Lung Benefits Act. The Benefits Review Board reversed, finding that the ALJ erred in failing to invoke the interim presumption under 20 C.F.R. § 727.-203(a)(1)[1] in the presence of X-ray evidence showing the existence of pneumoconiosis, and that the ALJ improperly allowed a rereading of this X-ray to defeat this threshold showing, in violation of the regulations. On remand, the ALJ first issued two successive orders awarding benefits, but ultimately denied benefits. Jones appealed the denial to the Benefits Review Board. The Board considered the X-ray evidence, which consisted of three readings of a single X-ray of Jones's chest. It found the interim presumption invoked but not

rebutted, reversed the ALJ's decision, and awarded benefits.

On review of the Board's decision, this court found that the Board had exceeded its scope of review by considering the X-ray evidence *de novo,* rather than remanding the case to the ALJ to assess the evidence. *See Freeman United Coal,* 879 F.2d at 249. The court vacated the Board's decision and ordered the case remanded to the ALJ for further consideration of the X-ray evidence.

On remand, the ALJ weighed the three readings of the single X-ray of record. The readings of Drs. Brandon and Minetree were positive for pneumoconiosis; Dr. Rosenstein's reading was negative. The ALJ disregarded the positive reading by Dr. Minetree, who is a board-certified radiologist but not a "B" reader, in favor of the readings of Drs. Rosenstein and Brandon, both of whom are "B" readers and board-certified radiologists.[2] The ALJ reasoned that physicians "having both of those qualifications are more qualified than readers who only have one or the other of the qualifications." Left with "an equal number of readings by equally qualified readers" (the positive reading by Dr. Brandon and the negative reading by Dr. Rosenstein) the ALJ concluded that "true doubt" existed whether the X-ray was positive or negative for pneumoconiosis. Believing that the so-called "true doubt rule" required him to resolve the evidentiary doubt in Jones's favor, the ALJ found that Jones had established the presence of pneumoconiosis. Accordingly, the ALJ found the interim presumption of disability invoked. He then found that the record was insuffi-

---

1. Section 727.203 of Title 20 of the Code of Federal Regulations states:

 (a) *Establishing interim presumption.* A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis....

2. "'B' readers are radiologists who have demonstrated their proficiency in assessing and classifying x-ray evidence of pneumoconiosis by successful completion of an examination conducted by or on behalf of the Department of Health & Human Services." *Consolidation Coal Co. v. Chubb,* 741 F.2d 968, 971 n. 2 (7th Cir.1984). The opinion of a "B" reader who is certified at the "B" level may be accorded greater weight than the opinion of a reader who is not certified at the "B" level. *See Freeman United Coal,* 879 F.2d at 246–47 n. 2.

cient to rebut the presumption, and awarded benefits to Jones.

The Board affirmed the award of benefits, holding that the ALJ properly resolved the conflict between the equally probative X-ray readings in Jones's favor, and properly found that the interim presumption was invoked and not rebutted. Freeman appealed.

## II. DISCUSSION

 Although this is an appeal from the decision of the Benefits Review Board, this court actually reviews the decision of the ALJ, asking whether it is supported by substantial evidence, is in accord with the law, and is rational. *Amax Coal Co. v. Beasley,* 957 F.2d 324, 327 (7th Cir.1992). Freeman's contention is that the ALJ's decision to award benefits to Jones is not in accordance with the law. Specifically, Freeman asserts that the linchpin in the ALJ's decision, the true doubt rule, is at odds with section 7(c) of the Administrative Procedure Act ("APA") because the rule allows an ALJ to award black lung benefits to a claimant who has not proven his right to them by a preponderance of the evidence.[3]

 Freeman's appeal is not easy to understand without understanding the interplay between the true doubt rule and the rebuttable presumption of disability that is conditionally granted to claimants in black lung adjudications. To make out a claim for black lung benefits, a miner must establish: (1) total disability, (2) caused at least in part by pneumoconiosis, (3) that arose out of employment in a coal mine. *See Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 141, 108 S.Ct. 427, 431, 98 L.Ed.2d 450 (1987). These three elements are presumed, so far as bears on this case, if the claimant has ten years of qualifying experience in a coal mine and produces a chest X-ray that establishes the existence of pneumoconiosis. 20 C.F.R. § 727.-203(a)–(a)(1).[4] There is one caveat, however, which turns out to be important in this case. The claimant cannot invoke the presumption by producing an X-ray that simply constitutes evidence of the presence of pneumoconiosis. *Mullins Coal,* 484 U.S. at 147, 108 S.Ct. at 433–34; *Cook v. Director, OWCP,* 816 F.2d 1182, 1185 (7th Cir.1987). The chest X-ray produced by the claimant must show the presence of pneumoconiosis by a preponderance of the evidence. *Mullins Coal,* 484 U.S. at 147–52, 108 S.Ct. at 433–36. The effect of the presumption is to shift both the burden of production and of persuasion to the employer. *Amax Coal Co. v. Director, OWCP,* 772 F.2d 304, 305 (7th Cir.1985); *Peabody Coal Co. v. Hale,* 771 F.2d 246, 248 n. 2 (7th Cir.1985). *But see Underhill v. Peabody Coal Co.,* 687 F.2d 217, 222 (7th Cir.1982) (holding, without extended discussion, that the presumption shifts only the burden of production). The presumption may be rebutted by showing that the claimant does not, or did not, have pneumoconiosis. 20 C.F.R. § 727.203(b).

 The true doubt rule is a judicial construct designed to effectuate Con-

---

**3.** Jones contends that Freeman has waived this issue by failing to raise it below. Ordinarily an appellate court will refuse to consider questions not presented in administrative proceedings. *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941); *Myron v. Chicoine,* 678 F.2d 727, 731 (7th Cir.1982). "Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952).

Freeman maintains that it has not waived its claim that the true doubt rule violates section 7(c) of the APA because it objected when the

ALJ invoked the rule, and continued to question its soundness on appeal to the Board. Freeman's is the better position. This is not a case where an administrative adjudication is necessary to develop the factual record. The issue on appeal is purely legal and, as such, is subject to review *de novo. Director, OWCP v. Midland Coal Co.,* 855 F.2d 509, 511 (7th Cir.1988).

**4.** The Secretary of Labor was authorized to create the presumption of disability by statute, 30 U.S.C. § 921(c). In comments accompanying the publication of 20 C.F.R. § 727.203 the Secretary stated, "[T]he Act embodies the principle that doubt is to be resolved in favor of the claimant, and that principle plays an important role in claims determinations both under the interim presumption and otherwise." 43 Fed. Reg. 36,826 (1978).

gress's intent that the Black Lung Benefits Act be liberally construed to ensure payment to deserving claimants. The rule derives from a Senate Report accompanying 1972 amendments to the black lung program which noted that the Act "is intended to be a remedial law.... In the absence of definitive medical conclusions there is a clear need to resolve doubts in favor of the disabled miner or his survivors." S.Rep. No. 743, 92d Cong., 2d Sess. (1972), *reprinted in* 1972 U.S.C.C.A.N. 2305, 2315. Congress reaffirmed its expressed intent that the benefit of any evidentiary doubt be given to the miner when it further amended the Act in 1977.[5]

Many courts have harvested this language from the Senate Report in formulating the rule that, when equally probative but contradictory evidence is presented in the record and selection of one set of facts results in a finding for the claimant and the other leads to a finding against the claimant, the evidence must be resolved in favor of the claimant. *See, e.g., Adkins v. Director, OWCP*, 958 F.2d 49, 52 n. 4 (4th Cir.1992); *Bosco v. Twin Pines Coal Co.*, 892 F.2d 1473, 1476 (10th Cir.1989); *Stomps v. Director, OWCP*, 816 F.2d 1533, 1534–35 (11th Cir.1987); *Ware v. Director, OWCP*, 814 F.2d 514, 517 (8th Cir.1987); *Haywood v. Secretary of Health & Human Svcs.*, 699 F.2d 277, 281 n. 7 (6th Cir.1983). This court too has endorsed the true doubt rule as a means of breaking evidentiary gridlock in black lung cases. *See Freeman United Coal*, 879 F.2d at 249; *Collins v. Old Ben Coal Co.*, 861 F.2d 481, 489–90 (7th Cir.1988); *Peabody Coal Co. v. Director, OWCP*, 778 F.2d 358, 362 (7th Cir.1985). When it is applied, the rule ensures that the employer will prevent invocation of the presumption only when its evidence is stronger than the claimant's.

Jones enjoyed the benefit of the true doubt rule in this case. The ALJ found that the X-ray evidence supporting and opposing Jones's claim for benefits was in equipoise. Were it not for the true doubt rule, Jones might have failed to invoke the presumption of disability, for if there are conflicting readings of the same X-ray the fact that one of them is positive does not necessarily establish the presumption. *Cook*, 816 F.2d at 1185. That is certainly true in this case since Jones's positive reading was countered by an equally probative negative reading. The true doubt rule revived Jones's claim by giving his evidence the benefit of the evidentiary doubt. Hence Jones's X-ray, which was insufficient to establish the presence of pneumoconiosis by itself, became probative enough to invoke the presumption of disability and place the onus on Freeman to persuade the ALJ that Jones did not have pneumoconiosis. *See* 20 C.F.R. § 727.203(b)(4); *Amax Coal Co. v. Director, OWCP*, 772 F.2d 304, 305 (7th Cir.1985). The ALJ concluded that Freeman had failed to rebut the presumption, and therefore Jones was entitled to benefits.

Whether it is permissible under the APA for the true doubt rule to facilitate Jones's claim in the above-described manner is the crux of Freeman's appeal.[6] Section 7(c) of the APA, 5 U.S.C. § 556(d), says that "[e]x-

---

**5.** The Senate Human Resources Committee said:

> In 1972, the Committee stressed that, in interpreting the amendments, the miner should have the benefit of any doubt. The Committee underscores and reaffirms this position taken in 1972 with respect to the 1977 amendments, and specifically in this context, expresses its expectation that the Secretary of Labor will promulgate standards which give the benefit of any doubt to the coal miner.

S.Rep. No. 209, 95th Cong., 1st Sess. (1977), *reprinted in* House Comm. on Education and Labor, 96th Cong., Legislative History of the Black Lung Benefits Reform Act and Black Lung Benefits Revenue Act of 1977 at 616 (1979).

**6.** Unquestionably, the APA applies to black lung adjudications. Section 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a), incorporates section 19(d) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 919(d), which in turn requires that any hearing under the Longshore Act be conducted in accordance with section 5 of the APA, 5 U.S.C. § 554. By regulation, the Secretary of Labor has provided that, in black lung adjudications, "hearings shall be conducted in accordance with the provisions of 5 U.S.C. 554 et seq." 20 C.F.R. § 725.452(a). Section 554(c)(2) says that where parties are unable to determine a controversy by consent, they are entitled to a "hearing and decision ... in accordance with sections 556 and 557 of this title."

cept as otherwise provided by statute, the proponent of a rule or order has the burden of proof." This burden clearly falls on Jones, the claimant who is seeking black lung benefits. To avoid conflicting with the APA, then, the true doubt rule may not relieve Jones of his "burden of proof," as that term is used in the statute.

■ The APA does not explain what is meant by the term "burden of proof." It might be that the proponent must satisfy a burden of persuasion; however, it is equally conceivable that the proponent need only satisfy a burden of going forward. The Supreme Court has resolved this ambiguity. "Burden of proof" as that term is used in the APA means the burden of going forward, not the burden of persuasion. *NLRB v. Transportation Management Corp.*, 462 U.S. 393, 404, 103 S.Ct. 2469, 2476, 76 L.Ed.2d 667 (1983). Thus, if the effect of the true doubt rule is to relieve a claimant of his burden of going forward, it violates section 7(c) of the APA.

■ The true doubt rule does not alleviate the claimant's burden of going forward. Before a claimant can benefit from the rule, he must put in some evidence showing the presence of pneumoconiosis. Section 7(c) of the APA requires no more. Jones satisfied his burden of going forward by producing an X-ray from which the presence of pneumoconiosis could reasonably be inferred. *See* CHARLES T. MCCORMICK, MCCORMICK ON EVIDENCE, § 338, at 433 (John William Strong ed., 4th ed. 1992). That Freeman was able to counter this evidence with equally probative evidence is of no consequence to Jones's burden of going forward. Jones satisfied his burden by producing prima facie evidence of pneumoconiosis.

Freeman also contends that application of the true doubt rule impermissibly lowers the standard of proof required by the APA. The relevant portion of section 7(c) of the APA states that no rule or order may be issued unless it is "supported by and in accordance with ... reliable, probative, and substantial evidence." 5 U.S.C. § 556(d). The Supreme Court has held that this section establishes a preponderance-of-the-evidence standard of proof on the proponent of a rule or order. *Steadman v. SEC*, 450 U.S. 91, 100–01, 101 S.Ct. 999, 1007, 67 L.Ed.2d 69 (1981). Freeman argues that by allowing a claimant to receive the benefit of a presumption of disability without first proving his entitlement to it by a preponderance of the evidence, the true doubt rule runs afoul of section 7(c). Freeman is wrong.

As noted earlier, section 7(c) mandates only that the burden of going forward, not the burden of persuasion, be placed on the claimant. The burden of persuasion may be legislatively or judicially assigned to a specific party to establish a particular fact. *Transportation Management*, 462 U.S. at 403 n. 7, 103 S.Ct. at 2475 n. 7; *Alabama By–Prods. Corp. v. Killingsworth*, 733 F.2d 1511, 1514 (11th Cir.1984). When it is applied, the true doubt rule allows an ALJ to invoke the presumption of disability in favor of a claimant once the claimant has produced prima facie evidence of pneumoconiosis that has not been overcome by the employer's opposing evidence. The employer then must persuade the ALJ that the claimant did not have pneumoconiosis. The rule does not contravene section 7(c), for its application results in nothing more than a judicial assignment of the burden of persuasion to the employer.

At first blush, the Supreme Court's decision in *Mullins Coal*, 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), would appear to cast some doubt on the validity of the true doubt rule. The question before the Court in *Mullins Coal* was whether one item of evidence qualifying a claimant for the presumption is always sufficient to invoke it. The Court answered in the negative, interpreting 20 C.F.R. § 727.-203(a)(1) to require a claimant to prove at least one of the qualifying facts by a preponderance of the evidence.

Nevertheless, the Court left the true doubt rule intact. In its opinion the Court quoted at length from the comments that accompanied the publication of the regulations in which the Secretary stated, "The [Black Lung Benefits] Act embodies the principle that doubt is to be resolved in

favor of the claimant, and that principle plays an important role in claims determinations both under the interim presumption and otherwise." *Mullins Coal,* 484 U.S. at 156 n. 29, 108 S.Ct. at 439 n. 29 (quoting 43 Fed.Reg. 36,826 (1978)). Earlier in its opinion, the Court addressed the true doubt rule directly, noting that the Benefits Review Board " 'has consistently upheld the principle that, where true doubt exists, that doubt shall be resolved in favor of the claimant.' " *Id.* at 144 n. 12, 108 S.Ct. at 432 n. 12 (quoting *Lessar v. C.F. & I. Steel Corp.,* 3 Ben.Rev.Bd.Serv. (MB) 1–63, 1–68 (Black Lung 1981)). Far from casting doubt on the true doubt rule, the above language treats the rule as a reasonable interpretation of the regulations.

### III. CONCLUSION

The true doubt rule is not inconsistent with the APA and was appropriately applied in this case. The ALJ correctly concluded that Jones was entitled to benefits. Freeman's petition for review of the Benefit Review Board's decision therefore is DENIED.