998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
OLD BEN COAL COMPANY, Petitioner,
v.
OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States
Department of Labor, and Grace Roy, Widow of
Prentice Roy, Respondents.
 No. 92-2280.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 16, 1993.
Decided July 6, 1993.
 
 1
 Before BAUER, Chief Judge, FLAUM, Circuit Judge and WILL, Senior District Judge.*
 
 ORDER
 
 2
 Prentice Roy died on April 30, 1976, at age fifty-eight, of a sudden myocardial infarction. At the time of his death, he had worked for thirty-five years in and around coal mines, most recently for Old Ben Coal. Shortly after her husband's death, Grace Roy applied for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. An administrative law judge (ALJ) determined that Grace Roy was statutorily entitled to a rebuttable presumption of entitlement to benefits, and that Old Ben Coal had failed to rebut the presumption. The Benefits Review Board affirmed. Because we conclude that the ALJ's decision was supported by substantial evidence, we deny Old Ben Coal's petition for review.
 
 
 3
 Section 411(c)(5) of the Act creates a rebuttable presumption that survivors of any miner who dies on or before March 1, 1978, after working for twenty-five years or more in coal mines before June 30, 1971, are entitled to the payment of benefits. If the presumption is invoked, the burden shifts to the party opposing entitlement to show that the miner was not partially or totally disabled due to pneumoconiosis at the time of death. See 30 U.S.C. § 921(c)(5); 20 C.F.R. § 727.204 (implementing the statutory provision); Arch Mineral Corp. v. Director, OWCP, 798 F.2d 215, 220 (7th Cir.1986). Rebuttal may be established by evidence demonstrating that (1) the miner did not have pneumoconiosis; (2) the miner was not partially or totally disabled; or (3) any disability the miner did have was not caused by pneumoconiosis. Amax Coal Co. v. Burns, 855 F.2d 499, 500 (7th Cir.1988).
 
 
 4
 Old Ben Coal submitted two types of medical evidence in support of its rebuttal case. First, it offered records from eight hospitalizations of Roy between 1967 and 1975 at St. Mary's Hospital in Evansville, Indiana. During those stays, Roy was treated for a variety of ailments, including hypertension, urinary infections, an abdominal aortic aneurysm, and a lesion on his lip. X-rays taken during Roy's examinations mostly showed a "radiographically normal chest," although two x-ray reports do mention the existence of pulmonary emphysema. Hospital reports on several occasions indicated that Roy's chest was clear, and that he suffered from no cough or shortness of breath. During Roy's final hospitalization in 1975, he denied having a "previous history of shortness of breath, asthma, emphysema, tuberculosis or other pulmonary disease."
 
 
 5
 Second, Old Ben Coal offered reports written by three medical consultants, all pulmonary specialists, who had reviewed Roy's available medical data and concluded that at the time of death Roy was not partially or totally disabled due to pneumoconiosis. Dr. James r. Castle reported that Roy's death was not caused by pneumoconiosis, but by the myocardial infarction which was related to hypertension and severe atherosclerotic cardiovascular disease. Dr. Richard P. O'Neill found no evidence of respiratory disability, and no evidence that pneumoconiosis contributed to Roy's death. Dr. Joseph J. Renn, III, also concluded that general arteriosclerotic disease and hypertention, rather than pneumoconiosis, caused his death.
 
 
 6
 The ALJ relied on other information to decide that Old Ben Coal had failed to prove that pneumoconiosis played no role in Roy's death. The only witnesses for either side who testified at the administrative hearing were Roy's immediate family and a co-worker of his. Grace Roy testified that during her husband's final years, he had a productive cough, could not walk to the car without shortness of breath, and could not climb stairs without becoming exhausted. William E. Deffendoll, who had worked with Roy at one of Old Ben Coal's mines, stated that some eight or nine years prior to his death Roy had difficulty performing his job due to trouble with his breathing. Roy's daughter, Cindy Feaster, stated that her father had respiratory difficulty near the time of his death and could not do any task for an extended length of time.
 
 
 7
 The ALJ did not discredit the physicians' opinions. He found, however, that their conclusions were based on "incomplete medical evidence." The hospital records reviewed by the physicians focused on other diagnoses or ailments that were unrelated to Roy's pulmonary health or to any respiratory problems. According to the ALJ, the doctors' opinions "merely reflect that there is little objective data to indicate pulmonary impairment," but they do not refute a finding, based on other evidence, that Roy was partially disabled by pneumoconiosis. The ALJ observed that a complete set of Roy's medical records was not available at the hearing or to the outside consultants. Roy's personal physician, Dr. Arthur Griep, had retired and closed his office since the time of the miner's death. The records he kept were turned over to the Vanderburgh Medical Center and destroyed five years later.
 
 
 8
 The standard of review in Black Lung cases is whether the ALJ's decision is supported by substantial evidence. See Freeman United Coal Mining Co. v. Anderson, 973 F.2d 514, 517 (7th Cir.1992). Old Ben Coal complains that the ALJ mischaracterized the relevant medical evidence and disregarded the conclusions of qualified physicians without a valid basis. In particular, it takes issue with several statements in the ALJ's decision, one of which asserts that "the reviewing physicians of record base their opinions only on medical evidence not discussing or describing the miner's pulmonary condition in any way." As a result of this misreading of the evidence, Old Ben Coal contends, the ALJ ignored unrebutted medical evidence showing that Roy did not die of pneumoconiosis.
 
 
 9
 We think Old Ben Coal has failed to read the ALJ's statements in the context of his decision as a whole. The ALJ was trying to explain, albeit in less than the clearest fashion, that Roy's hospital records did not present dispositive pathological evidence regarding his pulmonary condition. To that end, he observed that the hospitalization reports "concentrated on conditions and diagnoses unrelated to [Roy's] pulmonary health." It is true that several "history and physical" reports for Roy contain brief entries such as "Chest: Clear to percussion and auscultation." But the ALJ is correct that the reports contain no "discussion of whether [Roy] suffered from any pulmonary disease." Roy was simply not being treated for a pulmonary condition during any of his hospitalizations. Moreover, although some of the x-ray reports state that Roy had a "radiographically healthy chest," others (written in January, 1971, and March, 1975) indicate the presence of "some pleural scarring" and "some pulmonary emphysema," even if no active pulmonary disease process was demonstrated.
 
 
 10
 We have previously upheld a decision awarding benefits in which the main evidence supporting the claimant consisted of the testimony of lay witnesses like Roy's family and co-worker. See Amax Coal Co. v. Director, OWCP, 772 F.2d 304, 307 (7th Cir.1985). Here, the ALJ merely weighed that testimony against the opposing, but inconclusive, medical evidence. We conclude the ALJ's decision was supported by substantial evidence.
 
 
 11
 Old Ben Coal's petition for review of the Benefit Review Board's decision is therefore DENIED.
 
 
 
 *
 The Honorable Hubert L. Will, District Judge for the Northern District of Indiana, sitting by designation