34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Glenda GRAY, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-6069.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Glenda Gray appeals from an order of the district court affirming the Secretary's decision to deny her application for disability benefits under Title XVI of the Social Security Act, 42 U.S.C. 1381-1383d. We reverse and remand for further proceedings.
 
 
 4
 Plaintiff alleged she was disabled due to a mental impairment. The administrative law judge (ALJ) denied benefits at step five, see Williams v. Bowen, 844 F.2d 748, 751-52 (10th Cir.1988), holding that plaintiff retained the residual functional capacity to perform the full range of light work.
 
 
 5
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation omitted).
 
 
 6
 On appeal, plaintiff argues the Secretary's decision is not supported by substantial evidence and the ALJ failed to follow the treating physician's rule by not giving credence to her treating physician's opinion that she was disabled. Plaintiff further argues the district court erred in affirming the ALJ's determination on grounds other than those stated by the ALJ. Finally, plaintiff argues she meets a listed impairment. See 20 C.F.R. pt.404, subpt. P, app. 1, 12.04 and 12.06.
 
 
 7
 If the Secretary determines the treating physician's opinion is to be rejected, the Secretary must give "specific, legitimate reasons" for that action. Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir.1988).
 
 
 8
 Dr. Hood is plaintiff's treating physician. Apparently, plaintiff had seen Dr. Hood on several occasions for several years. See Plaintiff's Supp.App. at 8; id. at 198 (1988 progress note bearing what appears to be Dr. Hood's signature), 199 (March 13, 1989 progress note stating doctor was "still not sure that [plaintiff] could handle a full-time job."), 200-201 (progress notes showing plaintiff was doing well), 249 (October 22, 1990 progress note: "I don't think [plaintiff] could ever work because she has such a frustration tolerance that she probably would never be able to function at any type of job that I can think of in the foreseeable future."). On January 14, 1991, Dr. Hood submitted a letter to the Secretary in which he stated, after reviewing plaintiff's record:
 
 
 9
 At the present times (sic) [plaintiff] has little ability to function in daily living activities and would not be able to function in any type of work situation. The stress of interaction with co-worker, supervisors, and or others would be more than she could handle. She is unable to concentrate for any length of time to be able to work at even the simplest of jobs.
 
 
 10
 Id. at 239.
 
 
 11
 The ALJ determined this report "must be discounted and is not entitled to great weight as Dr. Hood is the only staff psychiatrist for over 700 to 800 patients" at the Community Center where plaintiff was being seen. Id. at 18. The ALJ did not address Dr. Hood's prior opinions of plaintiff's abilities.
 
 
 12
 The Secretary failed to give legitimate reasons for rejecting Dr. Hood's opinion. The size of a treating physician's practice cannot be advanced as the sole reason for discrediting the physician's opinion of a claimant's disability. Therefore, we must remand this case to the Secretary for reconsideration and an adequate explanation of her decision. See Peabody Coal Co. v. Hale, 771 F.2d 246, 249-50 (7th Cir.1985) (informed appellate review requires adequately explained conclusions); Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983) (reviewing body is not to fill in gaps in ALJ's decision).
 
 
 13
 We express no opinion as to whether the record supports an award of benefits to plaintiff. "It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983).
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED with directions that the district court remand this case to the Secretary for further proceedings in accordance with this order and judgment.
 
 
 
 **
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470