35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FREEMAN UNITED COAL MINING COMPANY, Petitioner,
v.
OFFICE OF WORKERS' COMPENSATION PROGRAM and Fairy Dell
Jones, widow of Donald L. Jones, Respondents.
 No. 92-1992.
 United States Court of Appeals, Seventh Circuit.
 Sept. 15, 1994.
 
 Before BAUER, ESCHBACH and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 On June 27, 1994, the Supreme Court of the United States vacated our decision in Freeman United Coal Mining Company v. Office of Workers' Compensation Program et al., 988 F.2d 706 (7th Cir.1993), in light of its opinion in Director, Office of Workers' Compensation Programs, Department of Labor v. Greenwich Collieries, 114 S.Ct. 2251, 512 U.S. ---- (1994), and remanded the case for further proceedings. Respondents and petitioner have submitted statements in accordance with our Circuit Rule 54. We in turn remand to the Department of Labor Benefits Review Board ("Board") for further proceedings consistent with this order and the Supreme Court's decision in Greenwich.
 
 
 2
 In Greenwich, the Supreme Court held that the "true doubt rule" was inconsistent with Sec. 7(c) of the Administrative Procedures Act ("APA") because it conflicts with the APA's proscription that a claimant seeking an order or ruling has the burden of proof. See Greenwich, 114 S.Ct. at 2259; see also 5 U.S.C. Sec. 556(d). Here, the administrative law judge ("ALJ"), faced with two different radiologists' conflicting X-ray readings he found equally compelling, relied on the true doubt rule to resolve the conflict and awarded benefits to Jones. The Board affirmed the ALJ's decision. Under Greenwich, however, the method by which the ALJ resolved the evidentiary conflict was improper. The ALJ's inquiry should have been whether the claimant, Jones, established by a preponderance of the evidence that the X-rays showed the existence of pneumoconiosis.
 
 
 3
 Respondent Jones argues that we need not rely on the true doubt rule to affirm the Board's award of benefits and that we should affirm the award of benefits without further proceedings. To do so, however, would require that we reweigh the evidence, improperly usurping the traditional fact-finding role of the ALJ. See Freeman United Coal Co. v. Benefits Review Board, 879 F.2d 245, 249 (7th Cir.1989). Conversely, Freeman United Coal argues that we should reverse the benefits award on the grounds that the ALJ's finding that the X-ray readings were equally compelling could not satisfy the preponderance of the evidence standard. Moreover, we are reminded of our opinion in which we stated: "The true doubt rule revived Jones's claim by giving his evidence the benefit of the evidentiary doubt. Hence Jones's X-ray, which was insufficient to establish the presence of pneumoconiosis by itself, became probative enough to invoke the presumption of disability and place the onus on Freeman to persuade the ALJ that Jones did not have pneumoconiosis." Freeman United Coal, 988 F.2d at 710. Although troubling, in the overall context of our opinion we view these statements as mere dicta. Yet even if they were not, we agree with the Third Circuit's holding in Greenwich Collieries v. Director, OWCP, 990 F.2d 730, 737 (3d Cir.1993), wherein it reasoned that because the ALJ mistakenly believed the true doubt rule applied, it could have no basis for knowing how the ALJ would have resolved the evidentiary conflict under the preponderance of the evidence standard absent use of the true doubt rule. Therefore, it is appropriate that we vacate the ALJ's order and remand for proceedings consistent with this order and the Supreme Court's decision in Greenwich.
 
 
 4
 Accordingly, we vacate the decision and order of the Benefits Review Board and remand for further proceedings consistent with this order and the Supreme Court's decision in Greenwich.