962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin H. MCCASLIN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 91-1943.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1992.*
Decided April 30, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Melvin H. McCaslin appeals the decision of the Benefits Review Board (BRB) affirming an administrative law judge's (ALJ) denial of disability benefits under the Black Lung Benefits Act, 30 U.S.C. § 901-945. Because the decision of the ALJ was supported by substantial evidence, we affirm the decision of the BRB denying benefits.
 
 DISCUSSION
 
 2
 We will affirm the decision of the BRB provided that the decision of the ALJ is supported by substantial evidence and has a reasonable basis in the law. Peabody Coal Co. v. Shonk, 906 F.2d 264, 267 (7th Cir.1990). The ALJ concluded that McCaslin's usual coal mine employment was as a mechanic, which is classified as light work. After comparing this finding with the medical assessment of McCaslin's limitations, the ALJ found that McCaslin was capable of performing his former job as a mechanic. McCaslin does not challenge the ALJ's use of his last work in the mines as his usual coal mine work.
 
 
 3
 The only issue on appeal is whether the ALJ's finding that McCaslin's last (and therefore usual) coal mine work was as a mechanic is supported by substantial evidence. McCaslin contends that evidence showed that his usual coal mine work was as a coal chute operator and argues that the case should be remanded to an ALJ to evaluate the medical assessment with the exertional requirements of a coal chute operator. We dispose of this argument in short order.
 
 
 4
 McCaslin's coal mine work history is inconsistent. At one point in his testimony, he indicated that his last substantial work with the coal mine was as a coal chute operator and at another point, he stated that after stomach surgery in 1954, he worked as a mechanic because it was less strenuous. The documentation supporting his claim is also unclear and inconsistent. The ALJ recognized this inconsistency and after carefully weighing the evidence, determined that his usual employment was as a mechanic.
 
 
 5
 We are not empowered to decide the facts anew, reweigh the evidence or substitute our judgment for that of the ALJ. Consolidated Coal Co. v. Chubb, 741 F.2d 975, 968 (7th Cir.1984). That is precisely what McCaslin is asking us to do. That a case is close or could have gone either way is not a basis for questioning the ALJ. See e.g. Old Ben Coal Co. v. OWCP, 755 F.2d 588 (1985).
 
 
 6
 Because there is substantial evidence to support the decision of the ALJ, the decision of the BRB is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the aprties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Respondent has filed a statement that it believes oral argument would not be helpful. Upon consideration of that statement, the appeal has been submitted on the briefs