**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1738

CONSOLIDATION COAL COMPANY,

Petitioner,

v.

TERRY L. SHIPLEY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board. (18-0032-BLA)

Argued: September 22, 2021                                    Decided: February 9, 2022

Before NIEMEYER, DIAZ, and QUATTLEBAUM, Circuit Judges.

Petition denied by unpublished opinion. Judge Diaz wrote the opinion, in which Judge
Niemeyer joined. Judge Quattlebaum wrote a dissenting opinion.

**ARGUED:** Jeffrey Robert Soukup, JACKSON KELLY PLLC, Lexington, Kentucky, for
Petitioner. Sarah Marie Hurley, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C.; Matthew A. Gribler, PAWLOWSKI BILONICK & LONG, Ebensburg,
Pennsylvania, for Respondents. **ON BRIEF:** Kate S. O'Scannlain, Solicitor of Labor,
Barry H. Joyner, Associate Solicitor, Kevin Lyskowski, Deputy Associate Solicitor, Sean
G. Bajkowski, Office of the Solicitor, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for the Federal Respondent. Heath M. Long, PAWLOWSKI,
BILONICK & LONG, Ebensburg, Pennsylvania, for Respondent Terry L. Shipley.

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Circuit Judge:

Consolidation Coal Company petitions this Court to review an award of black lung benefits to Terry L. Shipley. An administrative law judge ("ALJ") twice denied Shipley benefits, and the Department of Labor's Benefits Review Board twice remanded. On his third review, the ALJ presumed that mining coal underground contributed to Shipley's disabling lung disease. The ALJ then found that Consolidation failed to rebut the presumption because its experts—who had found that Shipley's respiratory symptoms were attributable to cigarette-smoke exposure and asthma—weren't credible. The ALJ awarded Shipley benefits, and the Board affirmed.

We have jurisdiction over petitions for review from the Board's final decisions under 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a). Because the record is free of legal error and substantial evidence supports the ALJ's decision to award benefits, we deny the petition.

I.

Shipley suffers from totally disabling chronic obstructive pulmonary disease ("COPD"). He smoked one-half to one pack of cigarettes per day for over 36 years, ending in 2006. Shipley also worked for over 40 years in the coal mining industry (with over 30 years spent underground), before retiring in 2011. That year, he filed a claim for federal black lung benefits against his most recent employer, Consolidation. The Director of the Office of Workers' Compensation Programs investigated the claim and recommended

3

awarding benefits. Consolidation contested this decision and requested a hearing before an ALJ.

The ALJ twice denied Shipley benefits, and the Board twice remanded. In denying the claim the first time, the ALJ found that Shipley worked underground as a miner for over 15 years and had a totally disabling pulmonary impairment, entitling Shipley to a presumption that his employment contributed to his impairment. *See* 20 C.F.R. § 718.305. But the ALJ also found that Consolidation's experts rebutted the presumption by showing that Shipley's employment wasn't a substantially contributing cause of his disability. On appeal, the Board agreed with Shipley that Consolidation bore the burden of proving his employment caused "no part of [his] respiratory or pulmonary total disability." *Id.* § 718.305(d)(1)(ii). Because the ALJ failed to apply this standard, the Board vacated the denial of benefits and remanded.

On remand, the ALJ again denied benefits. Although the ALJ again presumed that Shipley's employment contributed to his impairment, he still credited the testimony of Consolidation's two experts—both board-certified doctors with pulmonary specialties— who stated that smoking and asthma, not coal-dust exposure, caused Shipley's COPD.[1]

Shipley appealed to the Board, claiming the ALJ ignored his argument that Consolidation's experts' views on the cause of Shipley's impairment conflicted with the Department of Labor's regulatory guidance. In broad strokes, the relevant guidance—

---

[1] Shipley's experts disagreed, stating that both exposure to coal dust and cigarette smoke contributed to Shipley's COPD. One of the experts "could not quantify the comparative contributions" of cigarette smoke and coal dust; the other concluded they were "each responsible for 50% of his pulmonary obstruction." J.A. 418, 420.

specifically, the preamble to the 2000 amendments to the black lung regulations—explains that, because both inhaling coal dust and smoking cigarettes can diminish lung function, many measurements can't differentiate between the two causes. *See* 65 Fed. Reg. 79,920, 79,939–44; *see also Cent. Ohio Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 762 F.3d 483, 491 (6th Cir. 2014) (finding that a doctor's opinion a lung-function test could distinguish between COPD caused by inhaling coal dust versus smoking cigarettes contradicted the preamble). The Board agreed with Shipley, vacated the ALJ's decision, and instructed him to consider Shipley's argument.[2]

The ALJ's third decision awarded Shipley benefits. This time, the ALJ found that Consolidation failed to rebut the presumption that Shipley's employment contributed to his impairment. In doing so, the ALJ declined to credit the opinions of Consolidation's experts because, according to the preamble, the respiratory tests the experts relied on can't differentiate between lung disease caused by coal dust rather than smoking.[3] Because the opinions of Consolidation's experts were "entirely at odds with the preamble and its cited medical literature," the ALJ gave them little weight. J.A. 415.

---

[2] We note that the Board had—in its first remand order—drawn the ALJ's attention to Shipley's claim "that the opinions of the [Consolidation's experts] are contrary to the science accepted by the Department[ of Labor] in the preamble." *Shipley v. Consolidation Coal Co.*, Ben. Rev. Bd. No. 15-0346 BLA, 2016 WL 8260683, at *3 (June 30, 2016) .

[3] The result of these tests yields an $FEV_1/FVC$ ratio, which measures the fraction of one's total breath exhaled in the first second. Consolidation's experts claimed that "they can distinguish a coal dust-induced lung disease from a smoking-induced lung disease based on the $FEV_1[/FVC]$ ratio." J.A. 415. But the preamble rejects this view. *See* 65 Fed. Reg. at 79,940.

The ALJ also addressed the views of Shipley's experts that both coal-dust exposure and cigarette smoking contributed to Shipley's COPD. The ALJ viewed their reports as flawed because they didn't cite supporting data or literature. Still, he gave these opinions greater weight. Like Consolidation's experts, Shipley's experts were pulmonary specialists. But unlike Consolidation's experts, both addressed Shipley's risk factors that cut against their conclusion. And, said the ALJ, Shipley's experts correctly noted that Consolidation's experts relied on nonspecific symptoms, cited inapplicable literature, and discounted the effects of Shipley's exposure to coal dust. In the end, the ALJ was persuaded that Consolidation hadn't met its burden to show that Shipley's employment played no part in his disability. Consolidation appealed to the Board, which affirmed the ALJ's award.

Consolidation then appealed to this Court, arguing that (1) the Board exceeded its authority by requiring the ALJ to assess medical evidence against the preamble; and (2) the ALJ erred in discounting Consolidation's experts' opinions and crediting Shipley's experts' opinions.

As explained below, we reject both arguments.

II.

A.

Consolidation first argues that the Board lacked authority to require the ALJ to assess medical evidence against the preamble because it effectively gave the latter the force

of law. "We review the legal conclusions of the Board and the ALJ de novo." *Harman Mining Co. v. Dir., Off. of Workers' Comp. Programs*, 678 F.3d 305, 310 (4th Cir. 2012).

"The Board is authorized to review . . . conclusions of law on which the decision or order appealed from was based. Such . . . conclusions of law may be set aside only if they are not, in the judgment of the Board, . . . in accordance with law." 20 C.F.R. § 802.301(a). "Those dual requirements frame the scope of the Board's review." *Joseph Forrester Trucking v. Dir., Off. of Workers' Comp. Programs*, 987 F.3d 581, 588 (6th Cir. 2021).

The Administrative Procedure Act allows agencies to adopt rules carrying the force of law. *See* 5 U.S.C. § 553. But agencies can also publish nonbinding guidance. *See Perez v. Mortg. Bankers Ass'n.*, 575 U.S. 92, 96–97 (2015). The preamble to the 2000 black lung regulation amendments is nonbinding guidance. *See A & E Coal Co. v. Adams*, 694 F.3d 798, 801–02 (6th Cir. 2010). Nonetheless, we have said that "the preamble is entirely consistent with the [Black Lung Benefits] Act and its regulations and simply explains the scientific and medical basis for the regulations." *Harman,* 678 F.3d at 315, n.4.[4]

In this case, the Board merely directed the ALJ "to *consider* [Shipley's] argument" about the preamble. *Shipley*, 2016 WL 8260683, at *3 (emphasis added). It didn't require the ALJ to treat the preamble as binding. That the ALJ credited the preamble is beside the point. The ALJ could have followed the Board's instructions and yet "refused to defer to

---

[4] The issue in *Harman* was whether an ALJ could *ever* reference the preamble. 678 F.3d at 316. We said there that an "ALJ did not need to look to the preamble in assessing [an expert's credibility]." *Id.* at 314. But "[b]ecause the ALJ found [the expert's] views conflicted with [the preamble's] rationale, it was well within her discretion to find [the expert's] opinion less persuasive." *Id.* at 316.

the [agency's] interpretation of the statute contained in the preamble"—so long as he explained his reasoning. *Harman*, 678 F.3d at 315 n.4. Because the ALJ had discretion to reject the opinions of Consolidation's experts based on the preamble, we find no error in the Board's instruction.

The dissent questions whether the Board could properly vacate the ALJ's second determination given that ALJ's aren't required to address all the parties' arguments. Dissenting Op. at 19–21. That's true, except where "the [ALJ] entirely fails to consider an important (i.e., material) aspect of the problem." *W. Va. Coal Workers' Pneumoconiosis Fund v. Bell*, 781 F. App'x 214, 229 (4th Cir. 2019).

That's what happened here. Consolidation's experts provided the sole support for the ALJ's conclusion that Shipley's employment played no role in his disability. The Board recognized as much, directing the ALJ to weigh the credibility of Consolidation's experts "regardless of the weight" of Shipley's experts. *Shipley v. Consolidation Coal Co.*, Ben. Rev. Bd. No. 14-0120 BLA, 2014 WL 4492058, at *3 (Aug. 13, 2014). Because Consolidation bore the burden of proof, the credibility of its experts was paramount. And by directing the ALJ to consider the preamble in assessing credibility, the Board thought it material. The Board's decision on this point is a question of law that we review de novo. *See Finney v. Colvin*, 637 F. App'x 711, 720 (4th Cir. 2016) (King, J., dissenting) (interpreting "material" under 42 U.S.C. § 405(g)); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (same); *see also Westmoreland Coal Co. v. Sharpe*, 692 F.3d 317, 327 (4th Cir. 2012) (Where, as here, "the B[oard] has reversed the

8

ALJ, we must review the BRB's decision for errors of law and to ensure the B[oard]'s decision adhered to its statutory standard of review." (cleaned up)).

Consistency with the preamble is one aspect of an expert's credibility in black lung cases. It informs an ALJ's analysis of experts' "medical findings, the documentation underlying their medical judgments, and the sophistication of and bases for their conclusion." *Shipley*, 2014 WL 4492058, at *3. Here, the credibility of Consolidation's experts is nearly dispositive, and the experts admit that their opinions conflict with the medical literature incorporated into the preamble. Thus, the preamble was material, and the Board properly directed the ALJ to consider it.

We don't mean to suggest that all arguments related to the preamble are material; they may be material in some cases and immaterial in others. But that an ALJ need not consider the preamble in every case doesn't render it immaterial in all cases. If it did, an ALJ could ignore a party's preamble argument with impunity. That's not the law.

B.

Next, Consolidation contends the ALJ erred in discounting its experts' opinions and crediting Shipley's. Credibility determinations are factual findings, which we review for substantial evidence. *Harman*, 678 F.3d at 310. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). "We must sustain the [agency's] decision, even if we disagree with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

9

Here, the Board affirmed the ALJ's decision not to credit Consolidation's experts, who "attributed claimant's obstructive impairment entirely to the effects of cigarette smoke exposure and asthma." *Shipley v. Consolidation Coal Co.*, Ben. Rev. Bd. No. 18-0032 BLA, 2019 WL 2462923, at *3 (May 14, 2019). The Board concluded that "[i]n light of the medical science found credible in the preamble finding the effects of smoking and coal dust exposure are additive, the [ALJ] permissibly found that neither [of Consolidation's experts] adequately explained why [Shipley's] more than forty years of coal mine dust exposure did not significantly contribute, along with these other factors, to his impairment." *Id.*

We agree with the Board. Reasonable minds could accept the tension between the preamble and the opinions of Consolidation's experts as adequate to discount those opinions. And because the employer has the burden of rebutting the 15-year presumption once properly invoked, 20 C.F.R. § 718.305(d), the ALJ's ultimate finding that Consolidation failed to do so is supported by substantial evidence.

For that reason, we—unlike our colleague in dissent—are not troubled by the ALJ's decision to award benefits following the second remand. The ALJ need not establish "that the reasons for the new [determination] are *better* than the reasons for the old one; it suffices that the new [determination] is permissible under the statute." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). And there is no "unexplained

inconsistency" because the preamble justifies the ALJ's decision to award benefits. *See*

*Casa De Md. v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 704 (4th Cir. 2019).[5]


*PETITION FOR REVIEW DENIED*

---

[5] Given our holding, we need not reach Consolidation's claim that the ALJ erred in crediting the opinions of Shipley's experts.

QUATTLEBAUM, Circuit Judge, dissenting:

The Black Lung Benefits Act provides a framework for coal industry workers and their survivors to assert claims for disability or death benefits caused by exposure to coal dust in the course of their employment. That framework, especially for a claimant like Shipley who worked over fifteen years in coal mines, is quite favorable. If the claimant has lung disease, coal is presumed to be the cause, or at least a contributing factor, entitling the claimant to recover unless the employer can rebut that presumption by proving coal dust neither caused nor contributed to the disease. But while the framework favors the claimant, it does not guarantee recovery.

In a case like the one presented here, where each party's experts presented competing theories explaining what caused or contributed to Shipley's lung disease, the ALJ may side with the employer so long as its experts offer substantial evidence and are not contrary to law. If those two requirements are met, the Board has no authority to consider other issues. Accordingly, the Board was not permitted to vacate the ALJ's opinion and require him to consider whether the opinions of Consolidation's experts were inconsistent with the Black Lung Benefits Act's regulatory preamble ("Preamble") when, under Fourth Circuit law, that issue did not have to be considered.

I.

I first briefly restate the factual and procedural history. Shipley sought benefits under the Black Lung Benefits Act for pneumoconiosis, which is commonly referred to as

12

black lung disease. There is no question he suffered from lung disease. No one disputes that. The question is what caused it.

Shipley claims that exposure to coal dust from his 40-plus years of employment in coal mines caused or contributed to his lung disease. And the Act gives him a head start in advancing that claim. Since Shipley worked over fifteen years in coal mines, the Act presumes that coal dust caused his lung disease. That statutory presumption can be overcome. But to do so, Consolidation must show that coal dust had no role in Shipley's lung disease. Consolidation insists it has rebutted the presumption. It argues the record establishes that Shipley's years of smoking, not his exposure to coal dust, caused his lung disease and further that coal dust did not contribute to it. Both parties retained experts who issued reports and testified in support of their client's positions. Thus, the proceedings boiled down in large part to a battle of experts.

The ALJ's first opinion sided with Consolidation's experts. But there the ALJ applied the incorrect legal standard. Thus, the Board's first order properly vacated that opinion and remanded the matter.

The ALJ once again decided in favor of Consolidation. He issued a thorough, thirteen-page opinion finding that Consolidation's experts rebutted the Act's presumption of coal dust-induced lung disease. This second ALJ opinion first described what Consolidation's experts articulated and then provided detailed, evidence-based reasons for crediting them. The ALJ was persuaded by the experts' reasoning, the documentation of their opinions and their assessment of diagnostic tests and Shipley's medical records.

But the ALJ did not stop there. He then considered the opinions of Shipley's experts, describing them and explaining his reasons for not crediting them. Like the assessment of the opinions of Consolidation's experts, the ALJ's assessment of the opinions of Shipley's experts was detailed and extensive. He identified specific reasons Shipley's experts were not credible, including the absence of any specific evidence coal dust caused or contributed to Shipley's lung disease besides mere exposure and the fact that only a small percentage of coal miners contract coal dust-induced lung disease.

Then, after considering both parties' experts, the ALJ concluded that Consolidation had rebutted the Act's presumption of coal dust-induced lung disease. The ALJ explained:

> Having considered all of the relevant medical opinion evidence, the undersigned finds that Employer has demonstrated by a preponderance of the evidence that no part of Claimant's respiratory or pulmonary total disability was caused by pneumoconiosis. As discussed *supra*, the opinions of Drs. Basheda and Bellotte carry substantial weight and demonstrate that pneumoconiosis did not play any part in causing Claimant's total disability. Conversely, the reports of Drs. . . . Schaaf[] and Begley contend that pneumoconiosis caused or contributed to Claimant's totally disabling respiratory or pulmonary impairment. The undersigned has found, however, that these reports are not persuasive and not entitled to significant weight. Because Drs. Basheda and Bellotte offer the most credible and persuasive opinions and found that no part of Claimant's respiratory or pulmonary total disability was caused by pneumoconiosis, the undersigned finds that Employer has demonstrated by a preponderance of the evidence that Claimant's pneumoconiosis played "no part" in causing his totally disabling respiratory or pulmonary impairment. Employer has thus rebutted the presumption that Claimant's totally disabling respiratory or pulmonary impairment was caused by pneumoconiosis. Accordingly, Claimant is not entitled to benefits under the Act.

J.A. 392.

After Shipley appealed, the Board vacated the ALJ's second opinion. This second Board order chastised the ALJ for not following its instructions in its prior order to consider

14

one of Shipley's arguments—that Consolidation's expert's opinions improperly contradicted the scientific information in the Preamble.[1] The Board remanded the case to the ALJ to consider Shipley's Preamble argument.

After his second opinion was vacated, the ALJ succumbed. After twice finding that Consolidation's experts were reasonable and Shipley's were not, the ALJ, in his third opinion, came to the opposite conclusion. The ALJ said that the opinions of Consolidation's experts—that he previously said were well-reasoned, well-documented, based on diagnostic tests, based on medical records, credible and entitled to substantial weight—were now discredited and not entitled to significant or substantial weight. The ALJ also said that the opinions of Shipley's experts—the ones that he previously said were not persuasive, were not well-reasoned or well-documented, relied on no evidence other than the fact that Shipley was exposed to coal dust, were not credible and were entitled to little weight—were now credible, well-documented and well-reasoned. The ALJ thus ruled that Shipley's lung disease was coal dust induced and such awarded him benefits under the Black Lung Benefits Act. Following Consolidation's appeal, the Board affirmed the ALJ's decision. Consolidation appealed the Board's decision.

---

[1] I question whether the Board's instructions were so clear in the first place. It turns out, the first Board order's only reference to Shipley's Preamble argument was in a footnote where it said: "We leave these arguments for the administrative law judge to consider on remand." J.A. 380 n.5.

## II.

Consolidation's appeal involves two primary arguments. First, it claims that the Board had no authority to vacate and remand the ALJ's second opinion. Second, Consolidation contends that even if the Board's second order was not improper, the Board erred in affirming the ALJ's third opinion because that opinion is irrational, not supported by substantial evidence and contrary to law. If Consolidation prevails on either issue, the Board's decision must be vacated.

## A.

Consolidation's first argument challenges the Board's second order, which vacated and remanded the ALJ's second opinion. The Board did so because, according to the Board, the ALJ failed to follow the Board's instructions to address Shipley's argument that the opinions of Consolidation's experts contradicted the science contained in the Preamble. The Board thus ordered the ALJ to consider Shipley's Preamble argument.

## 1.

At first blush, the Board's order sounds innocent enough. An order of remand to consider an argument that was not addressed in an administrative judge's decision hardly is unusual. Generally, when a reviewing authority of an agency disagrees with the ALJ, "the agency has all the powers which it would have in making the initial decision except as it may limit the issues on notice or by rule." 5 U.S.C. § 557(b); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 492 (1951) (rejecting the contention that the National Labor Relations Board can reverse ALJ findings only when they are clearly

16

erroneous). Presumably, that would include the power to require a certain issue to be addressed.

But proceedings under the Black Lung Benefits Act operate differently from those governed by general agency law. Under the Act and its corresponding regulations, the Board's scope of review is limited. "[The ALJ's] findings of fact and conclusions of law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law." 20 C.F.R. § 802.301(a); *see also* 33 U.S.C. § 921(b)(3) (discussing how the Board should affirm the ALJ's factual findings "if supported by substantial evidence in the record considered as a whole"), *as incorporated by* 30 U.S.C. § 932(a). *See generally* 4 Arthur Larson, *Larson's Workers' Compensation Law* § 54.08[4] (2021); Jeffrey B. Litwak, *A Guide to Federal Agency Adjudication* 118 (2d ed. 2012). Faithful adherence to that limited scope of review leaves no room for remand if an ALJ's opinion is supported by substantial evidence and is not contrary to applicable law.

Further, our review is also slightly different in the Black Lung Benefits Act context. "It is whether the court of appeals believes that *the administrative law judge's decision* was supported by substantial evidence; if it was, then the Benefits Review Board's decision reversing the administrative law judge must itself be reversed, even if that decision could also be said to be supported by substantial evidence." *Old Ben Coal Co. v. Prewitt*, 755 F.2d 588, 589 (7th Cir. 1985) (emphases in original). "The Fourth Circuit once rejected this standard, believing that the issue should be whether the Benefit Review Board's decision, not the administrative law judge's decision, is supported by substantial evidence;

17

but it has now lined up with the other circuits." *Id.* at 589–90 (citing *Wilson v. Benefits Review Board*, 748 F.2d 198, 199 (4th Cir. 1984)); *see also Wilson*, 748 F.2d at 199 ("The issues on this appeal are whether there was substantial evidence to support the ALJ's decision . . . .").

Accordingly, we review the ALJ's factual findings—not the Board's—for substantial evidence. Relatedly, if the ALJ's factual findings meet the substantial evidence standard but the Board disagrees, we should reject the Board's decision for exceeding its statutory standard of review. *See Westmoreland Coal Co. v. Sharpe ex rel. Sharpe*, 692 F.3d 317, 327 (4th Cir. 2012) ("Where the BRB [Benefits Review Board] has reversed the ALJ, we must 'review the BRB's decision for errors of law and to ensure the BRB's decision adhered to its statutory standard of review.'"); *Boyd & Stevenson Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 407 F.3d 663, 666 (4th Cir. 2005) ("In reviewing a decision of the Benefits Review Board, our review is governed by the same standard the Board applies when reviewing an ALJ's decision. Factual determination will be upheld if the record contains 'substantial evidence' supporting the ALJ's decision. We review conclusions of law de novo." (internal citations omitted)).

Regarding "substantial evidence," it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 668 (4th Cir. 2017) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217 (1938)). "We defer to the ALJ's determination regarding the proper weight to be accorded competing medical evidence, and we 'must be careful not to substitute our judgment for that of the ALJ.'" *W. Virginia CWP Fund v. Bender*, 782 F.3d 129, 144 (4th

Cir. 2015) (quoting *Harman Mining Co. v. Dir., Office of Workers' Comp. Programs*, 678 F.3d 305, 310 (4th Cir. 2012)).

2.

With those principles in mind, I return to the Board's second order. Consolidation argues that the Board lacked the power to remand with the instructions discussed above. It points out the well-settled law that an ALJ need not address every argument advanced by the parties before it. *See, e.g.*, *Doolin Sec. Sav. Bank, F.S.B. v. FDIC*, 53 F.3d 1395, 1409 (4th Cir. 1995); *W. Virginia Coal Workers' Pneumoconiosis Fund v. Bell*, 781 F. App'x 214, 229 (4th Cir. 2019). Consolidation then highlights our *Harman* decision, which provides that an ALJ is permitted to consider the Act's Preamble but is not required to do so. *Harman Mining Co. v. Dir., Office of Workers' Comp. Programs*, 678 F.3d 305, 315–16 (4th Cir. 2012). If an ALJ need not address every argument the parties advance, and if an ALJ need not consider the Preamble, according to Consolidation, the Board's order that it do so is beyond its scope of review.

In response, Shipley argues the Board's order was proper. First, he clarifies that the Board did not require the ALJ to follow the Act's Preamble. It merely ordered the ALJ to consider it. Second, he points out that, under the Administrative Procedure Act, an ALJ's decision must include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A). Shipley further contends that the Preamble, at minimum is a "material" issue requiring it to be considered. Thus, Shipley concludes the Board acted

19

well within its authority to vacate the ALJ's second opinion and remand the matter for consideration of the Preamble argument.

Other circuit courts have pointed out the role of scientific information in preambles and discussed how preambles are at least persuasive and can be instructive. *See, e.g.*, *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 561 (2d Cir. 2012) (discussing the non-binding but persuasive value of regulatory preambles "because it rests on a 'body of experience and informed judgment to which courts and litigants may properly resort for guidance'"); *Blue Mountain Energy v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 805 F.3d 1254, 1261 (10th Cir. 2015) ("In sum, we view the preamble as a scientific primer that helps explain why the agency amended the regulation to add 'legal pneumoconiosis' to the definition of 'pneumoconiosis.'"). But those decisions do not go to the heart of the issue presented to us. Our question is whether the ALJ *must* consider the Preamble, and, if not, whether the Board would have the authority to remand the ALJ's opinion with the specific instruction to consider it.

Even though authority on the issue before us is sparse, the text of the applicable statutes and regulations compel reversal of the Board's second order. As a starting matter, § 557(c)(3)(A) of the Administrative Procedure Act is unhelpful to Shipley's position. Sure, that section requires the ALJ decision to discuss all "material issues of fact, law, or discretion." 5 U.S.C. § 557(c)(3)(A). But how can an issue that we have said does not have to be considered be material? How can it be improper for the ALJ not to address Shipley's argument about the Preamble when we previously said in *Harman* the Preamble does not have to be addressed?

20

Instead, 20 C.F.R. § 802.301(a) should guide our review. Under it, "[the ALJ's] findings of fact and conclusions of law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law." The Board did not find that the ALJ's second opinion was unsupported by substantial evidence or not in accord with applicable law. Instead, the Board vacated an opinion supported by substantial evidence and in accord with the law to require the ALJ to address an issue that, by law, it did not have to address. Such action by the Board is not allowed under the Black Lung Benefits Act and its regulations. For that reason, the Board erred in vacating the ALJ's second decision; the second ALJ opinion should have been affirmed.

## B.

In its second argument, Consolidation contends that, even if the Board's second order was not improper, the Board erred in affirming the ALJ's third opinion because that opinion is irrational, not supported by substantial evidence and contrary to law. Consolidation argues the opinion is irrational and not supported by substantial evidence because it reaches the exact opposite result about the persuasiveness and credibility of the experts as compared to the ALJ's earlier opinions, without any explanation—much less a reasonable one—as to the flip. And it further argues the ALJ's conclusion that the opinions of Consolidation's experts were contrary to the Preamble are erroneous as a matter of law.

If I were to analyze the ALJ's third opinion in a vacuum, I would likely agree that the ALJ's conclusions were backed by substantial evidence. But the third ALJ opinion does not come to us in a vacuum. After twice finding that Consolidation's experts were

21

reasonable and Shipley's were not, the ALJ, in his third opinion, performed a remarkable about-face. Earlier, the ALJ said Consolidation's expert opinions were well-reasoned, well-documented, based on diagnostic tests, based on medical records, credible and entitled to substantial weight. Not anymore. Earlier, Shipley's expert opinions were not persuasive, were not well-reasoned or well-documented, relied on no evidence other than the fact that Shipley was exposed to coal dust, were not credible and were entitled to little weight. Not anymore. It is like a witness said one day the light was red and the next day he says the light was green.

At best, the only thing that changed was the ALJ's consideration of the Preamble. But the Preamble discusses the general idea that chronic obstructive pulmonary disease can be detected by decreases in either the FEV1 or the FEV1/FVC ratio. *See* 65 Fed. Reg. 79,938, 79,943 (Dec. 20, 2000). And as Consolidation rightfully contends, its experts never contested this issue; in fact, they admitted so. Instead, Consolidation's experts opined that the degree and nature of the decreases were consistent with smoking-induced lung disease and inconsistent with coal dust-induced lung disease, which the Preamble is wholly silent on. Thus, the Preamble could not be the basis for the ALJ changing his mind.

So, was the ALJ required to explain his striking flip flop? Generally, an agency is only required to adequately explain its current position—not explain why it switched from a previous one. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515–16 (2009). At the same time, we have held that an "unexplained inconsistency" in policy can be arbitrary and capricious. *See, e.g.*, *Casa De Maryland v. U.S. Department of Homeland Security*, 924 F.3d 684, 703–04 (4th Cir. 2019); *Jimenez-Cedillo v. Sessions*, 885 F.3d 292, 297–98

(4th Cir. 2018) (citing *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 222 (2016)).[2] But since I conclude that Consolidation should prevail on its argument concerning the ALJ's second opinion, the tricky question of which of these two principles of administrative law applies here can wait for another day.

## III.

In my view, the Board exceeded its statutory and regulatory scope of review in issuing the second order. The ALJ's second opinion was supported by substantial evidence and was not based on legal error, and therefore it should have been affirmed. The Board had no authority to direct the ALJ to consider an argument that our precedent previously stated is not required to consider. Therefore, I respectfully dissent.

---

[2] To be fair, our case law has primarily been in the context of rulemaking rather than adjudicatory decisionmaking that was involved here. But there is reason to believe that would not make a difference. *See, e.g.*, *U.S. Postal Serv. v. Postal Regul. Comm'n*, 785 F.3d 740, 755 (D.C. Cir. 2015) ("[I]f an action is subject to review under the APA, it does not matter whether it is a formal or informal adjudication or a formal or informal rulemaking proceeding—all are subject to arbitrary and capricious review under Section 706(2)(A)." (quoting Harry T. Edwards & Linda A. Elliott, *Federal Standards of Review* 203 (2d ed. 2013))); *see also Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 374 (1998) ("[A]djudication is subject to the requirement of reasoned decisionmaking as well."); *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285 (1974) (applying arbitrary and capricious review to a formal adjudication).